UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SUSAN BRESCIA,

    Plaintiff,

vs.

CEIL SIA, sued in her individual capacity,

    Defendant.
------------------------------------------------------------x

07 CIV. 8054

COMPLAINT

Plaintiff initiates this suit because defendant has violated a settlement agreement entered in this Court and has retaliated against her for exercising her First Amendment right to initiate suit in this Court.

**PARTIES**

1. Plaintiff Susan Brescia is an adult who resides in the City of Yonkers.

2. Defendant Ceil Sia is an adult who resides and works in the County of Westchester.

3. At all times relevant hereto, defendant Sia served as Clerk of the Town of Greenburgh Justice Court and commtited the acts and omissions set forth herein under color of state law.

**JURISDICTION**

4. As plaintiff claims that defendant retaliated against her exercise of her right to initiate litigation in this Court in violation of the First Amendment, this Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. secs. 1331, 1343 (3) & (4) and 42 U.S.C. secs. 1983 and 1988.

**STATEMENT OF FACTS**

5. In or about September 13, 2005, plaintiff initiated a federal action, <u>Brescia v. Town of</u>

1

Greenburgh & Sia, 05 CIV 7948.

6. In this action, plaintiff claimed that defendant Sia, acting on behalf of the Town of Greenburgh, terminated her employment in retaliation for protected speech and union activity.

7. After discovery, in November 2006, the parties entered into a written settlement agreement which provides in pertinent part, "With regard to any future requests for an employment reference concerning Ms. Brescia, the Town will provide a neutral letter of reference providing Ms. Brescia's position, date of employment and salary. The parties will make no disparaging statements or remarks against the other." **See**, para. 5 of Settlement Agreement.

8. Relying upon this representation and the further provision of the agreement which altered her termination to a resignation, plaintiff continued seeking comparable employment.

9. Between the time of her termination, in March 2005 and her signing the settlement agreement, plaintiff had been unable to secure comparable employment and suffered significant economic losses and depression.

10. After signing this agreement, plaintiff re-doubled her efforts to find comparable employment.

11. At all relevant times, plaintiff was number 1 on the eligible list for Assistant Court Clerk.

12. In May 30, 2007, the Village of Portchester, acting through Village Manager, William F. Williams, sent plaintiff a canvass letter eliciting her interest in the position of a permanent, full time Assistant Court Clerk at a salary between $55,516 and $65,670.

13. Plaintiff filled out and returned the canvass response indicating her interest in the

position.

14. Thereafter, Mr. Williams interviewed plaintiff for the position.

15. Thereafter, Mr. Williams advised plaintiff that she had interviewed well and that he was going to offer two assistant court clerk jobs, one to the plaintiff.

16. Mr. Williams also invited plaintiff back to visit with the Court Clerk and the Judge.

17. Plaintiff went again to Portchester and met with court personnel.

18. Mr. Williams advised plaintiff that Aimee Guintero was performing a background check on her.

19. As part of this check, Guintero, or another employee of the Village of Portchester, spoke with defendant Sia.

20. Defendant Sia made deprecating and disparaging comments about plaintiff to one or more employees of the Village of Portchester.

21. Thereafter, plaintiff was not offered the position of Assistant Court Clerk in Portchester.

22 In seeking to ascertain why, plaintiff again spoke with Mr. Williams who advised that Portchester intended to hire Ceil Sia as a second Court Clerk..

23. In further conversation, Mr. Williams indicated that the Village of Portchester had decided not to employ Ms. Sia, but still would not offer plaintiff a vacant position.

24. In the same conversation, Mr. Williams stated he knew all about plaintiff's situation in Greenburgh and characterized as "awkward" her prior employment history with Greenburgh.

25. Defendant Cia made deprecating comments about plaintiff in violation of the settlement agreement which may be enforced in this Court.

26. Defendant made deprecating comments about plaintiff in retaliation for plaintiff's initiating and maintaining her prior federal litigation.

27. As a consequence of defendant's retaliatory conduct, plaintiff has been denied a comparable job, attendant benefits and been caused to suffer humiliation, stress, loss of professional standing and depression.

## IV. **CAUSES OF ACTION**

28. Plaintiff incorporates paras. 1-27 as if fully restated herein.

29. By retaliating against plaintiff's exercise of her constitutional rights to access the courts to redress her grievances, defendant violated the First Amendment to the United States Constitution as made actionable against her by 42 U.S.C. sec. 1983.

30. By making disparaging comments to at least one representative from the Village of Portchester, defendant Sia violated the terms of the settlement agreement in a prior federal lawsuit.

## V. **PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays that this Honorable Court:

a) accept jurisdiction over this matter;

b) award to plaintiff compensatory and punitive damages against defendant for the actions set forth above;

c) enjoin defendant permanently from any violation of the settlement agreement entered in 05 CIV 7948;

d) award plaintiff the attorneys fees and costs arising from this matter and

e) enter any further relief which it deems just and proper.

4

Respectfully submitted,

_____
MICHAEL H. SUSSMAN, ESQ.