WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
Attorneys for Defendant Ceil Sia
3 Gannett Drive
White Plains, NY 10604
(914) 323-7000
Attn:   James O'Brien, Esq. (JO 6722)
        Lalit K. Loomba, Esq. (LL 9755)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
SUSAN BRESCIA,                                          :    07 Civ. 8054 (WCC)

                          Plaintiff,                    :
    -against-
                                                        :
CEIL SIA, sued in her individual capacity,
                                                        :
                          Defendant.
------------------------------------------------------------------------x

# DEFENDANT'S MEMORANDUM OF LAW
# IN SUPPORT OF MOTION TO DISMISS FOR
# LACK OF SUBJECT MATTER JURISDICTION

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
Attorneys for Defendant Ceil Sia
3 Gannett Drive
White Plains, NY 10604
(914) 323-7000

1881670.1

## Introduction

Defendant Ceil Sia ("Sia") respectfully submits this memorandum of law in support of her motion to dismiss for lack of subject matter jurisdiction.

## Preliminary Statement

Plaintiff Susan Brescia ("Brescia") asserts subject matter jurisdiction under 28 U.S.C. §1331, alleging, in particular, that defendant Sia retaliated against plaintiff in violation of the First Amendment. Sia is named as a defendant in her individual capacity only, and Brescia has not otherwise alleged "state action" necessary to support a First Amendment claim. Moreover, even if Sia was considered a state actor, Brescia has not alleged a viable claim for First Amendment retaliation because the alleged retaliatory conduct, the decision of the Village of Portchester not to hire Brescia as an assistant court clerk, was made by the Village of Portchester, and not by the individual defendant Ceil Sia. Hence, Brescia cannot assert a viable constitutional claim against Sia. Since Brescia and Sia are both residents of the State of New York, diversity of citizenship cannot form an independent basis for subject matter jurisdiction. Accordingly, this Court lacks jurisdiction over the subject matter of this case and it must be dismissed.

## Pertinent Facts

A copy of the complaint in this case is annexed as Exhibit A to the accompanying affidavit of Lalit K. Loomba, sworn to February 21, 2008.

As alleged in Brescia's complaint, both Brescia and Sia reside in Westchester County, New York. Complaint (Ex. A), at ¶¶1-2. On or about September 13, 2005, Brescia initiated an action in this Court entitled *Brescia v. Ceil Sia, individually and as an employee of Town of Greenburgh; Paul Feiner, Town Supervisor Town of Greenburgh; Alfreda Williams, individually*

*and as Town Clerk, Town of Greenburgh; and Town of Greenburgh,* 05 Civ. 6948 (CLB) (the "2005 Action"). *Id.* at ¶5. In her 2005 Action, Brescia alleged that Sia, acting in her capacity as the court clerk for the Justice Court of the Town of Greenburgh, terminated Brescia from her position as assistant court clerk in retaliation for Brescia's alleged protected speech and union activities. *Id.* at ¶6. The 2005 Action was eventually settled pursuant to the terms of a Settlement Agreement and Release executed in October 2006. *Id.* at ¶7. Under paragraph 5 of the Settlement Agreement, the parties agreed to make no disparaging statements or remarks against the other, and the Town agreed to provide a neutral letter of reference regarding Brescia's employment history with the Town. *Id.*

Following the settlement of the 2005 Action, Brescia alleges that she pursued an opportunity for employment as an assistant court clerk with the Village Court of the Village of Portchester. Ex. A, at ¶¶9-14. Brescia alleges that she was informed that she was going to be offered one of two positions as assistant court clerk, subject to a background check. *Id.* at ¶¶15-19. Brescia alleges that defendant Sia was contacted as part of the background check and that, in violation of the terms of the Settlement Agreement, "made deprecating and disparaging comments about [Brescia]," *id.* at ¶¶20 and 25, as a result of which she was not offered the position. *Id.* at ¶21. Brescia alleges that Sia made these allegedly disparaging comments in retaliation for Brescia's 2005 Action. *Id.* at ¶26.

Brescia asserts two claims for relief in the instant action. First, Brescia claims that Sia's conduct was impermissible retaliation for protected speech in violation of the First Amendment. Ex. A, at ¶29. Second, Brescia claims that Sia's alleged remarks violated the terms of the Settlement Agreement. *Id.* at ¶30.

**Argument**

## POINT I

### BRESCIA CANNOT SATISFY THE STATE ACTION REQUIREMENT UNDER SECTION 1983

On a motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure the material facts alleged in the plaintiff's complaint are assumed to be true, "but 'jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it.'" *Smith v. The United States Coast Guard,* 220 F. Supp.2d 275, 276 (S.D.N.Y. 2002) (Conner, J.) (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974)).

To support a viable claim under 42 U.S.C. §1983, the plaintiff must assert that the defendant acted "under color of state law." To meet the "state action requirement where, as here, the defendant is a private entity, the allegedly unconstitutional conduct must be fairly attributable to the state." *Tancredi v. Metropolitan Life Ins. Co.,* 316 F.3d 308, 312-13 (2d Cir. 2003). "Mere employment by a state or municipality does not automatically mean that a defendant's actions are taken under the color or state law." *Kern v. City of Rochester,* 93 F.3d 38, 43 (2d Cir. 1996).

In the instant case, Sia is sued in her individual capacity only. Brescia makes a conclusory allegation that Sia committed acts "under color of state law." Complaint (Ex. A), at ¶3. However, Brescia's complaint fails to make the required affirmative showing that Sia's alleged conduct can be fairly attributable to the state. In essence, Brescia alleges that Sia breached the Settlement Agreement, a private contract, by making disparaging remarks about Brescia. This may assert a viable state-law claim for breach of contract (and perhaps defamation), but Brescia has not shown that Sia, the individual defendant, acted under color of state law. Accordingly, Brescia's Section 1983 claim does not satisfy the state action

requirement. Without a viable claim under 42 U.S.C. §1983, there is no independent basis for subject matter jurisdiction in this case.

## POINT II
### BRESCIA CANNOT ALLEGE A VIABLE FIRST AMENDMENT RETALIATION CLAIM AGAINST CEIL SIA

Even if Brescia's complaint meets the state-action requirement, which it does not, her First Amendment retaliation claim fails as against the individual defendant Ceil Sia.

Brescia alleges that Sia violated the First Amendment "by retaliating against [Brescia's] exercise of her constitutional right[] to access the courts to redress her grievances." Complaint (Ex. A), at ¶29. To prevail on a first amendment retaliation claim, Brescia "must prove that: (1) [she] engaged in constitutionally protected speech because [she] spoke as [a] citizen[] on a matter of public concern; (2) [she] suffered an adverse employment action; and (3) the speech was a 'motivating factor' in the adverse employment decision." *Skehan v. The Village of Mamaroneck,* 465 F.3d 96, 106 (2d Cir. 2006).

Here, even assuming that Brescia's prior lawsuit constitutes constitutionally-protected speech, Brescia cannot allege that such "speech" was a motivating factor in an adverse employment decision made by defendant Sia. Indeed, Sia is not alleged to have even made an adverse employment decision in this case. Rather, the adverse employment decision alleged in Brescia's complaint is the decision of the Village of Portchester not to hire her for the position of assistant court clerk.

Again, Brescia's complaint alleges a state-law breach of contract claim against Sia, and possibly a claim for defamation. However, Brescia cannot allege a viable First Amendment claim against Sia individually. In the absence of a viable constitutional claim, this Court lacks subject matter jurisdiction over this action and it must be dismissed.

## Conclusion

For the reasons set forth above, defendant Sia's motion should be granted in its entirety and the instant action should be dismissed under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction.

Dated: White Plains, New York
February 21, 2008

>Respectfully submitted,
>
>WILSON, ELSER, MOSKOWITZ,
>EDELMAN & DICKER LLP
>Attorneys for Ceil Sia
>
>By: Lalit K. Loomba (LL 9755)
>
>3 Gannett Drive
>White Plains, NY 10604
>(914) 323-7000
>Our File No.: 04127.00191

- 5 -

1881670.1