UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SUSAN BRESCIA,                                                         07 CIV 8054 (WCC)

      Plaintiff,
                                                         **PLAINTIFF'S**
vs.                                                         **MEMORANDUM OF LAW**
                                                          **IN OPPOSITION TO MOTION**
CEIL SIA, sued in her individual capacity,            **TO DISMISS**

      Defendant.
-----------------------------------------------------------x

I. **STATEMENT OF FACTS**

Plaintiff initiated this suit because defendant violated a settlement agreement entered in this Court and then retaliated against her for exercising her First Amendment right to initiate suit in this Court.

According to the well plead facts set forth in the Complaint, plaintiff Susan Brescia is an adult who resides in the City of Yonkers. Defendant Ceil Sia is an adult who resides and works in the County of Westchester. At all times relevant hereto, defendant Sia served as Clerk of the Town of Greenburgh Justice Court and commtited the acts and omissions set forth herein under color of state law.

In or about September 13, 2005, plaintiff initiated a federal action, Brescia v. Town of Greenburgh & Sia, 05 CIV 7948 (CLB). In that action, plaintiff claimed that defendant Sia, acting on behalf of the Town of Greenburgh, terminated her employment in retaliation for protected speech and union activity.

After discovery, in November 2006, the parties entered into a written settlement agreement which provided in pertinent part, "With regard to any future requests for an employment reference concerning Ms. Brescia, the Town will provide a neutral letter of

reference providing Ms. Brescia's position, date of employment and salary. The parties will make no disparaging statements or remarks against the other." **See**, para. 5 of Settlement Agreement.

Relying upon this representation and the further provision of the agreement which altered her termination to a resignation, plaintiff continued seeking comparable employment. Between the time of her termination, in March 2005 and her signing the settlement agreement, plaintiff had been unable to secure comparable employment and suffered significant economic losses and depression.

After signing this agreement, plaintiff re-doubled her efforts to find comparable employment. This difficulty occurred despite the fact that at all relevant times, plaintiff was number 1 on the eligibility list for the title of Assistant Court Clerk.

On May 30, 2007, the Village of Portchester, acting through Village Manager, William F. Williams, sent plaintiff a canvass letter eliciting her interest in the position of a permanent, full time Assistant Court Clerk at a salary between $55,516 and $65,670. Plaintiff completed and returned the canvass response, indicating her interest in the position. Thereafter, Mr. Williams interviewed plaintiff for the position and advised plaintiff that she had interviewed well and that he was going to offer her one of two assistant court clerk jobs. Mr. Williams also invited plaintiff back to visit with the Court Clerk and the Judge.

Plaintiff went again to Portchester and met with court personnel. Mr. Williams advised plaintiff that Aimee Guintero was performing a background check on her. As part of this check, Guintero, or another employee of the Village of Portchester, spoke with defendant Sia, who made deprecating and disparaging comments about plaintiff.

Thereafter, plaintiff was not offered the position of Assistant Court Clerk in Portchester.

In seeking to ascertain why, plaintiff again spoke with Mr. Williams who advised that Portchester intended to hire Ceil Sia as a second Court Clerk.. In further conversation, Mr. Williams indicated that the Village of Portchester had decided not to employ Ms. Sia, but still would not offer plaintiff a vacant position. In the same conversation, Mr. Williams stated he knew all about plaintiff's situation in Greenburgh and characterized as "awkward" her prior employment history with Greenburgh.

Defendant Cia made deprecating comments about plaintiff in violation of the settlement agreement which may be enforced in this Court and in retaliation for plaintiff's initiating and maintaining her prior federal litigation. As a consequence of defendant's retaliatory conduct, plaintiff was denied a comparable job, attendant benefits and suffered humiliation, stress, loss of professional standing and depression.

Plaintiff's complaint alleges that by retaliating against her exercise of the constitutional rights to access the courts to redress her grievances, defendant violated the First Amendment to the United States Constitution as made actionable against her by 42 U.S.C. sec. 1983. Further, plaintiff alleges that by making disparaging comments to at least one representative from the Village of Portchester, defendant Sia violated the terms of the settlement agreement in a prior federal lawsuit.

After a conference with this Court, defendant belatedly moves to dismiss the Complaint for failure to set forth a claim. As this motion lacks legal merit, the Court should deny it and enter a Rule 16 discovery order.

II. **LEGAL ARGUMENT**

A. **SIA ACTED AS A STATE ACTOR IN MAKING DISPARAGING STATEMENTS**

"The traditional definition of acting under color of state law requires that the defendant in

a section 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is cloaked with the authority of state law." <u>Kern v. City of Rochester</u>, 93 F.3d 38, 43 (2d Cir. 1996). In <u>Carlos v. Santana</u>, 123 F.3d 61, 65 (2d Cir. 1997), our Court of Appeals noted that had town officials contacted the FBI and made deprecating comments about police officers, this likely would have been state action; at the same time, the Court affirmed the district court's finding that plaintiffs had failed to prove this had occurred by a preponderance of the evidence. In <u>Gulino v. New York State Education Dept</u>, 460 F.3d 361, 377 (2d Cir. 2006), the Court wrote, "In <u>Kern</u>, we held a secretary for the Rochester Branch of Firefighters' Union was not an employee of the City of Rochester for the purposes of Title VII. This Court found that <u>Spirt</u> was inapplicable because the union in <u>Kern</u>, unlike the university in <u>Spirt</u>, "had not delegated any of its <u>employment responsibilities</u> to the `third party'." [emphasis added].

     Applying this legal reasoning here, according to the Complaint, Portchester contacted Sia, then serving [as she still does] as Court Clerk of the Town of Greenburgh, to seek a reference for plaintiff. It can be inferred that Portchester contacted this defendant because of her position as Town Clerk to determine how Brescia performed in her job. Under the terms of the prior settlement agreement, which bound her as an employee of the Town of Greenburgh, Sia was required NOT to make disparaging comments about the plaintiff. According to the Complaint, acting in her official position, using the authority provided her by state law and discharging her employment responsibilities [albeit in an improper manner], Sia violated this injunction and made disparaging comments, costing plaintiff employment with Portchester.

     These facts can be contrasted with those of <u>Barna v. City of Perth</u>, 42 F.3d 809, 816-18 (3d Cir. 1994) where off-duty police officers did not act under color of state law when they did

4

not identify themselves as police officers, did not indicate they were acting on official business and did not arrest plaintiff. There was nothing purely private about Sia's conduct: she was called at work to seek a job reference, a function of her position. In that sense, this case is analogous to Bonenberger v. Plymouth Township, 132 F.3d 20, 23-25 (3d Cir. 1997), where the Court held that a male police sergeant was engaged in state action when he used his position to sexually harass a female dispatcher though, at the time of the challenged action, he was not her supervisor

In seeking dismissal on this ground, defendant has not cited a single case in support of its claim. Its argument that the settlement agreement was purely private does not establish that in violating that agreement, Sia was not engaged in state action. As set forth above, Sia was representing her municipality, making specific comments about Brescia's functioning at the job, when she acted in a manner giving rise to the claims here. Accordingly, she was engaged as a state actor, not as a private citizen.

Here, Sia was not committing a purely private act. Rather, she was contacted in her official position and spoke as an official of the Town of Greenburgh Justice Court. Moreover, the order she was under not to deprecate plaintiff stemmed from a lawsuit in which Sia was sued for actions she took as Clerk of the Justice Court, namely the termination of plaintiff's employment, allegedly for an unconstitutional reason.

In short, based upon the plain allegations of the Complaint, Sia's retaliatory conduct was "state action" and this ground of the motion to dismiss should be denied.

B. **THE ALLEGATIONS IN THE COMPLAINT ESTABLISH THAT SIA'S WRONGFUL CONDUCT INJURY PLAINTIFF**

Defendant next submits that plaintiff cannot establish that **Sia's wrongful conduct** caused **her injury.** But, this is a fact intensive inquiry, not one subject to a motion to dismiss.

According to the Complaint, plaintiff had advanced in the interview process, been promised a job as Village Clerk by the Village Manager only to have another Portchester official contact Sia. At that point, based upon the deprecating and retaliatory comments Sia made, in violation of the Consent Decree settling the prior federal case between the parties, Portchester declined to extend an offer of employment. On these facts, the proximate cause **of plaintiff's injury was the wrongful comments made by Sia.** As these allegations satisfy the causation requirement, this ground for dismissal should be rejected and the matter set down for a Rule 16 scheduling conference.

                         Respectfully submitted,

                         MICHAEL H. SUSSMAN [3497]

SUSSMAN & WATKINS
PO BOX 1005
GOSHEN, NY 10924
(845)-294-3991

Counsel for Plaintiff

DATED - MARCH 1, 2008