WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP
Attorneys for Defendant Ceil Sia
3 Gannett Drive
White Plains, NY 10604
(914) 323-7000
Attn:   James O'Brien, Esq. (JO 6722)
        Lalit K. Loomba, Esq. (LL 9755)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
SUSAN BRESCIA,                                : 07 Civ. 8054 (WCC)

                        Plaintiff,            :

    -against-
                                              :

CEIL SIA, sued in her individual capacity,
                                              :
                        Defendant.
-----------------------------------------------------------------------x


**DEFENDANT'S REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF MOTION TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION**

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
Attorneys for Defendant Ceil Sia
3 Gannett Drive
White Plains, NY 10604
(914) 323-7000

1900788.1

## Introduction

Defendant Ceil Sia ("Sia") respectfully submits this reply memorandum of law in further support of her motion to dismiss for lack of subject matter jurisdiction.

## Preliminary Statement

In opposing a motion to dismiss for lack of subject matter jurisdiction, plaintiff Susan Brescia ("Brescia") must do more than rely on the inferences that might be drawn from her complaint. Rather, she must affirmatively demonstrate facts that establish the basis for subject matter jurisdiction, here asserted under 28 U.S.C. §1331. Brescia has failed to make that showing, and accordingly, her complaint must be dismissed.

## Argument

### POINT I
### BRESCIA CANNOT SATISFY THE STATE ACTION REQUIREMENT UNDER SECTION 1983

In her main motion, defendant Sia demonstrated that Brescia's complaint failed to allege facts showing conduct by Sia that could be fairly attributable to the state, and therefore under "color of state law" for purposes of Section 1983. Brescia's opposition, which consists solely of a six-page memorandum of law, adds nothing to the analysis and does not demonstrate otherwise.

"Mere employment by a state or municipality does not automatically mean that a defendant's actions are taken under the color of state law." *Kern v. City of Rochester*, 93 F.3d 38, 43 (2d Cir. 1996). Rather, conduct by a municipal employee is properly considered to have been taken under color of state law when the conduct is "made possible only because the wrongdoer is clothed with the authority of state law." *Id.* (quoting *West v. Atkins,* 487 U.S. 42, 49 (1988). Here, the alleged conduct by Sia – badmouthing Brescia – is not something that Sia

could have done "only because [she] is clothed with the authority of state law." *Id.* Put another way, the act of allegedly making deprecating comments about Brescia to the Village of Port Chester was not made possible *solely* by virtue of Sia's position as an employee of the Town of Greenburgh.

The instant case is therefore distinguishable from *Carlos v. Santos,* 123 F.3d 61 (2d Cir. 1997), cited by Brescia, where the court held that individual Town Board members were able to hire a consultant to study the police force and held public hearings only because "they were clothed with the authority of state law, *i.e.,* the authority vested in them as town board members." *Id.* at 66. Only a town board member can call a meeting of the town board. By contrast, comments allegedly made by Sia are not specifically or solely attributable to her position as a municipal employee.

Brescia's reliance on *Gulino v. New York State Ed. Dep't,* 460 F.3d 361 (2d Cir. 2006), is also misplaced. In *Gulino,* the court was discussing the so-called "interference" test which determines whether an entity not expressly employing an individual may nevertheless face liability as an "employer" under Title VII by virtue of the entity's influence over the conditions of the individual's employment. The decision in *Gulino* has no bearing on the issue of state action under Section 1983.

Brescia claims in her opposition: "It <u>*can be inferred*</u> that Port Chester contacted [Sia] because of her position as Town Clerk to determine how Brescia performed in her job." Opp. Mem. at p.4. She is fundamentally missing the point. As this Court held, the showing necessary to support a court's subject matter jurisdiction may not be made "'by drawing from the pleadings inferences favorable to the party asserting it.'" *Smith v. The United States Coast Guard,* 220 F. Supp.2d 275, 276 (S.D.N.Y. 2002) (Conner, J.) (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236

(1974)). Instead, Brescia must make an affirmative showing of the facts that support this Court's jurisdiction. Beyond impermissible inferences drawn from the bare allegations of her complaint, however, Brescia has made no showing that Sia acted under color of state law.

### POINT II
### BRESCIA CANNOT ALLEGE A VIABLE FIRST AMENDMENT RETALIATION CLAIM AGAINST CEIL SIA

Brescia concedes that Sia never held any position within the government of the Village of Port Chester, and therefore did not have -- and could not have had -- a direct role in any decision by Port Chester not to hire Brescia. Brescia's argument that Sia was nevertheless the "proximate cause" of Port Chester's hiring decision is, therefore, based on an assumption of a conspiracy between Sia and the Village of Port Chester to deprive Brescia of an employment opportunity. The existence of a conspiracy in a Section 1983 action may not be based on mere allegations or innuendo. *Leon v. Murphy,* 988 F.2d 303, 311 (2d Cir. 2003) ("A complaint containing only conclusory, vague, or general allegations of conspiracy to deprive a person of constitutional rights cannot withstand a motion to dismiss.") (citation omitted). Here, Brescia offers nothing more than the bare allegations of her complaint to support any involvement by Sia in an alleged decision made by the Village of Port Chester not to hire Brescia. Accordingly, Brescia cannot maintain a viable First Amendment claim against Sia.

### Conclusion

Brescia has failed to make a specific showing of state action necessary to support this Court's subject matter jurisdiction and has, in any event, failed to demonstrate a viable First Amendment claim against Sia. At most, the complaint alleges state-law claims of breach of contract claim and possibly defamation. For the reasons set forth above, and in Sia's main memorandum of law, this action must be dismissed.

- 3 -

1900788.1

Dated: White Plains, New York
March 4, 2008

        Respectfully submitted,

        WILSON, ELSER, MOSKOWITZ,
        EDELMAN & DICKER LLP
        Attorneys for Ceil Sia

        By: Lalit K. Loomba (LL 9755)

        3 Gannett Drive
        White Plains, NY 10604
        (914) 323-7000
        Our File No.: 04127.00191

- 4 -

1900788.1