UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - X

|  |  |  |
|---|---|---|
| SUSAN BRESCIA, | : | 07 Civ. 8054 (WCC) |
|  | : | **ECF CASE** |
| Plaintiff, | : |  |
| - against - | : | **OPINION** |
|  |  | **AND ORDER** |
| CEIL SIA, sued in her individual | : |  |
| capacity, | : |  |
| Defendant. | : |  |
|  | : |  |

- - - - - - - - - - - - - - - - - - - - X

**A P P E A R A N C E S :**

SUSSMAN & WATKINS
**Attorneys for Plaintiff**
40 Park Place
P.O. Box 1005
Goshen, New York  10924

MICHAEL H. SUSSMAN, ESQ.

     Of Counsel

WILSON ELSER, MOSKOWITZ EDELMAN
  & DICKER LLP
**Attorneys for Defendant**
3 Gannett Drive
White Plains, New York 10604

JAMES O'BRIEN, ESQ.
LALIT K. LOOMBA, ESQ.

     Of Counsel

**Copies E-Mailed to Counsel of Record**

Conner, Senior D.J.:

Plaintiff Susan Brescia brings this action against defendant Ceil Sia pursuant to 42 U.S.C. § 1983 for violation of her First Amendment rights and for breach of contract. The parties were involved in an earlier action in which plaintiff claimed that defendant terminated plaintiff's employment in retaliation for her First Amendment and union activities. That action was dismissed pursuant to stipulation. Plaintiff now alleges that defendant provided her with an unfavorable employment reference in retaliation for plaintiff's having brought the earlier lawsuit and in violation of the terms of the settlement agreement. Defendant moves to dismiss pursuant to FED. R. CIV. P. 12(b)(1) for lack of subject matter jurisdiction. Defendant argues that plaintiff has not stated a First Amendment claim, and the Court therefore lacks jurisdiction over what is essentially a breach-of-contract case between non-diverse parties. For the following reasons, the motion is denied.

## BACKGROUND

The following facts are taken from the Complaint and are assumed to be true for purposes of this decision.

Plaintiff was formerly an employee of the town of Greenburgh, New York ("Greenburgh" or the "Town"). Defendant was, at all times relevant to this action, the Clerk of the Town Justice Court. (Complt. ¶ 3.) In September 2005, plaintiff brought suit against the Town and defendant, alleging that defendant, acting on behalf of the Town, terminated plaintiff's employment in retaliation for her protected First Amendment and union activities. (*Id.* ¶¶ 5-6.) The action was dismissed pursuant to a settlement agreement in November 2006. (*Id.* ¶ 7.) The settlement provided in relevant part: "With regard to any future requests for an employment reference concerning

1

[plaintiff], the Town will provide a neutral letter of reference providing [plaintiff's] position, date of employment and salary.  The parties will make no disparaging statements or remarks against the other."  (*Id.*)

The current dispute arises out of defendant's alleged breach of this provision.  Plaintiff was unable to secure comparable employment between the time of her termination in March 2005 and the date of the settlement agreement.  (*Id.* ¶ 9.)  In late May or early June 2007, plaintiff applied for the position of Assistant Court Clerk of the Village of Port Chester, New York ("Port Chester" or the "Village").  (*Id.* ¶¶ 12-13.)  Plaintiff interviewed for the position with the Village Manager, William F. Williams ("Williams").  (*Id.* ¶¶ 12-14.)  Williams told plaintiff that she had interviewed well and would be offered the position.  (*Id.* ¶ 15.)

Before plaintiff received a formal job offer, however, a representative of Port Chester contacted defendant as part of a background check on plaintiff.  (*Id.* ¶¶ 18-19.)  Plaintiff alleges that defendant "made deprecating and disparaging comments about plaintiff to one or more employees of" Port Chester in response to this inquiry.  (*Id.* ¶ 20.)  Thereafter, plaintiff was not offered the position for which she had applied.  (*Id.* ¶ 21.)  When plaintiff asked Williams why she did not get the job, he "stated he knew all about plaintiff's situation in Greenburgh and characterized as 'awkward' her prior employment history with Greenburgh."  (*Id.* ¶ 24.)  Plaintiff claims that defendant made the "deprecating comments" about plaintiff in retaliation for plaintiff's earlier lawsuit.  (*Id.* ¶ 26.)

**DISCUSSION**

## I.      Standard of Review

In deciding a motion to dismiss for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1), a court must accept as true all of the material factual allegations in the complaint. *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998).  The plaintiff bears the burden of showing that the Court has subject matter jurisdiction.  *Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996).  Subject matter jurisdiction "must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Drakos*, 140 F.3d at 131 (citing *Norton v. Larney*, 266 U.S. 511, 515 (1925)).

## II.     Defendant's Arguments for Dismissal

Plaintiff claims that defendant violated her First Amendment rights by providing a negative employment reference in retaliation for plaintiff's earlier lawsuit.  (*See* Complt. ¶¶ 26, 29.) Defendant argues that this claim fails because defendant was not acting under color of state law[1] when she provided the reference and the reference was not an adverse employment action.  (*See* Def. Mem. Supp. Mot. Dismiss at 3-4.)  Without the First Amendment claim, this would be a breach-of-contract case between non-diverse parties, and this Court would lack subject matter jurisdiction. (*See id.* at 1.)

_____

[1] The Second Circuit has instructed that "the sufficiency of a color-of-law allegation is to be tested under Rule 12(b)(6)." *Monsky v. Moraghan*, 127 F.3d 243, 245 (2d Cir. 1997).  But for all of the following reasons, plaintiff has stated a claim for relief, so our decision to deny defendant's motion would have been the same if defendant had moved under Rule 12(b)(6) rather than Rule 12(b)(1).

A.    **Action Under Color of State Law**

To establish liability under section 1983, a plaintiff "must show (a) that the defendant is a person acting under the color of state law, and (b) that the defendant caused the plaintiff to be deprived of a federal right." *Back v. Hastings on Hudson Union Free Sch. Dist.*, 365 F.3d 107, 122 (2d Cir. 2004) (internal quotation marks and citations omitted). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). A person acts under the color of state law when he "abuses the position given to him by the State." *Kern v. City of Rochester*, 93 F.3d 38, 43 (2d Cir. 1996) (quoting *West*, 487 U.S. at 49-50).

State or municipal employment does not automatically mean that a defendant acts under color of state law. *Id.* (citing *Polk County v. Dodson*, 454 U.S. 312, 319-20, (1981)). But, "generally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *West*, 487 U.S. at 50. A court must look to the source of the power or authority allegedly abused and determine whether it "existed by virtue of a grant from the state." *Temple v. Albert*, 719 F. Supp. 265, 267 (S.D.N.Y. 1989) (Conner, J.). A defendant may have acted under color of state law even where his actions were unauthorized, violated official policy or did not advance a state objective. *See Carrero v. N.Y. City Hous. Auth.*, 890 F.2d 569, 577 (2d Cir. 1989); *Emanuele v. Town of Greenville*, 143 F. Supp. 2d 325, 331 (S.D.N.Y. 2001). Courts routinely hold that a state-employee defendant who violates the constitutional or statutory rights of a colleague or subordinate acts under color of state law. *See, e.g.*, *Back*, 365 F.3d at 123; *Annis v.*

4

*County of Westchester*, 36 F.3d 251, 254 (2d Cir. 1994) ("[D]efendants . . . were conducting themselves as supervisors for a public employer and thus were acting under color of state law."); *Carrero*, 890 F.2d at 577; *Linder v. City of New York*, 263 F. Supp. 2d 585, 593 (E.D.N.Y. 2003) ("[T]he individual defendants were plainly acting within their official capacities as supervisory members of a municipal corporation established by state law, and therefore under color of state law."); *Perks v. Town of Huntington*, 251 F. Supp. 2d 1143, 1162 (E.D.N.Y. 2003).

Here, plaintiff has adequately alleged that defendant was acting under color of state law when she made the allegedly negative remarks about plaintiff to the representative(s) of Port Chester. In responding to a request for an employment reference for a former employee, defendant, as Clerk of the Town Justice Court, was cloaked in the authority of the state. *See Temple*, 719 F. Supp. at 267. She was acting in her capacity as a municipal employee. And it was defendant's position as a municipal employee that gave her the power to harm plaintiff with the allegedly unfavorable reference. *See West*, 487 U.S. at 49. Plaintiff has alleged that defendant "abuse[d] the position given to [her] by the State." *Kern*, 93 F.3d at 43. Therefore, the "color of state law" requirement is satisfied.

### B.    <u>Adverse Employment Action</u>

Defendant next argues that plaintiff's First Amendment claim must fail because plaintiff has not alleged an adverse employment action on the part of defendant. (*See* Def. Mem. Supp. Mot. Dismiss at 4.) A claim of First Amendment retaliation by a public employee has three elements: "(1) [plaintiff's] speech addressed a matter of public concern, (2) he suffered an adverse employment action, and (3) a causal connection existed between the speech and the adverse employment action,

so that it can be said that his speech was a motivating factor in the determination." *Cobb v. Pozzi*, 363 F.3d 89, 102 (2d Cir. 2004) (internal quotation marks and citations omitted); *see also Skehan v. Vill. of Mamaroneck*, 465 F.3d 96, 106 (2d Cir. 2006).  The Second Circuit recently addressed the issue of adverse employment action in the First Amendment context, explaining: "In the context of a First Amendment retaliation claim, we have held that [o]nly retaliatory conduct that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights constitutes an adverse action." *Zelnik v. Fashion Inst. of Tech.*, 464 F.3d 217, 225 (2d Cir. 2006) (internal quotation marks and citation omitted; brackets in original).  Adverse employment actions include "'discharge, refusal to hire, refusal to promote, demotion, reduction in pay, and reprimand.'" *Id.* at 226 (quoting *Morris v. Lindau*, 196 F.3d 102, 110 (2d Cir. 1999)).  But this is not an exhaustive list, and the adverse-employment-action inquiry is "a heavily fact-specific, contextual determination." *Id.* (quoting *Hoyt v. Andreucci*, 433 F.3d 320, 328 (2d Cir. 2006)); *see also N.Y. State Law Officers Union v. Andreucci*, 433 F.3d 320, 328 (2d Cir. 2006).

The Second Circuit recently held, in a Title VII context, that a false, negative employment reference could serve as the basis for a retaliation claim.  *See Jute v. Hamilton Sundstrand Corp.*, 420 F.3d 166 (2d Cir. 2005).  Jute was an employee of defendant Hamilton for approximately fourteen years before she was terminated, along with nineteen other employees at her pay level.  *Id.* at 169.  Hamilton claimed Jute's termination was part of a post-merger reorganization; Jute alleged it was retaliation for her having been named as a plaintiff's witness in a co-worker's Title VII lawsuit against Hamilton.  *Id.*  After being terminated, Jute filed charges of discrimination with the EEOC and the Connecticut Commission on Human Rights and Opportunities.  *Id.* at 171.  While those administrative charges were pending, Jute interviewed for a position with International Fuel Cells

("IFC"), a company related to Hamilton. *Id.* Plaintiff claims that she was initially offered the position with IFC, but that the offer was withdrawn after an IFC representative contacted Jute's former supervisor at Hamilton for an employment reference. *Id.* According to Jute, the supervisor told the IFC representative that "he had been directed not to discuss matters pertaining to Jute because she 'had a lawsuit pending' against Hamilton."[2] *Id.*

The district court granted summary judgment to Hamilton. *Id.* at 172. The court dismissed the claim based on the negative reference on the ground that Jute "did not submit an affidavit or direct proof from an IFC representative" to show that the reference caused or contributed to IFC's decision not to hire plaintiff. *Id.* The court of appeals vacated this aspect of the district court's decision, holding that a reasonable jury could conclude that the false and negative reference impaired Jute's ability to secure new employment. *Id.* at 178-79. Plaintiff therefore had the right to present her "retaliatory reference claim" to a jury. *Id.* at 179.

Although *Jute* involved Title VII rather than First Amendment claims, it still controls the outcome here and requires denying the motion to dismiss. *Jute* held that a negative employment reference can serve as an adverse employment action for purposes of sustaining a retaliation claim.[3] *See id.*; *see also Hashimoto v. Dalton*, 118 F.3d 671, 674 (9th Cir. 1997) ("[D]issemination of the negative job reference is an actionable employment decision."); *Pantchenko v. C. B. Dolge Co.*, 581 F.2d 1052, 1055 (2d Cir. 1978); *Bascom v. Fried*, 2008 U.S. Dist. LEXIS 25466, at *12 n.3

---

[2] The supervisor's alleged comment was inaccurate, since at the time Jute had only filed administrative charges. *Id.*

[3] Although the court in *Jute* emphasized that the reference was not only negative but false, *see id.* at 179, nothing in the opinion suggests that a factually accurate yet negative reference given in retaliation for protected activity would not support a claim. We are not aware of any authority that would impose that limitation.

7

(E.D.N.Y. Mar. 31, 2008) ("'"There is little question that the dissemination of adverse employment references can constitute a violation of Title VII if motivated by discriminatory intent."'") (quoting *Blanke v. Rochester Tel. Corp.*, 36 F. Supp. 2d 589, 600 (W.D.N.Y. 1999) (internal citation omitted)); *cf. Wanamaker v. Columbian Rope Co.*, 108 F.3d 462, 466 (2d Cir. 1997) ("[P]laintiffs may be able to state a claim for retaliation . . . if . . . the company . . . sullies the plaintiff's reputation.") (internal citations omitted); *Kelley v. Sun Microsystems, Inc.*, 520 F. Supp. 2d 388, 405 (D. Conn. 2007) (allegedly wrongful refusal to recommend the plaintiff for another position at the same employer).

Our decision finds support in *Zelnik* as well. *Zelnik* makes clear that the critical question is whether the alleged retaliatory action "would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights." *Zelnik*, 464 F.3d at 225 (internal quotation marks and citations omitted). If the answer is yes, then the "adverse employment action" element is satisfied. *Id.* We have no doubt that the prospect of a negative employment reference, which has the obvious potential to impede the search for a new job, would deter a person of ordinary firmness from exercising his constitutional rights. *See id.* Therefore, plaintiff has adequately alleged an adverse employment action.


**III.    Supplemental Jurisdiction Over the Breach of Contract Claim**

Plaintiff alleges that by providing a negative employment reference, defendant violated the terms of the settlement agreement, which prohibit the parties from making "disparaging statements or remarks" about each other. (*See* Complt. ¶¶ 7, 30.) Because this Court has subject matter jurisdiction over plaintiff's First Amendment claim, and because the two claims arise from the same

case or controversy, we accept supplemental jurisdiction over the breach of contract claim. *See* 28 U.S.C. § 1367.

## CONCLUSION

For all of the foregoing reasons, defendant's motion to dismiss for lack of subject matter jurisdiction is denied.

SO ORDERED.

Dated:  White Plains, New York
        April 30, 2008

*William C. Conner,*
Sr. United States District Judge

9